UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSSEAN CRISPIN,  :  <br>     Plaintiff,     :  <br>     :  <br> v.     :  <br>     :  <br> ANDREA REISCHERL, et al.,     :  <br>     Defendants.     :  <br>     : | No. 3:19-cv-413 (VLB) |

**RULING ON DISCOVERY MOTIONS**

Plaintiff, Jossean Crispin, has filed a motion to compel production of requested documents. The defendants provided documents in response to some of the requests but objected to many requests as overbroad and irrelevant. In addition, plaintiff has filed a motion seeking Court assistance in obtaining information about other possible defendants or witnesses, a request he also asserts in his motion to compel, and a motion asking the Court to order the defendants to make a video and audio recording of evidence he wishes to present to the Court. For the following reasons, plaintiff's motions are denied.

The claims in this action relate to incidents occurring while plaintiff was confined at Northern Correctional Institution from May 2018 through his placement on Administrative Segregation in November 2018. Specifically, the claims are for use of excessive force by defendant Purdy on May 9, 2018 and claims for supervisory liability against defendants Lizon and Rodriguez for failure to intervene in connection with this use of force; false accusations by defendant

Purdy in September that resulted in placement in Administrative Segregation; violation of his right to substantive and procedural due process against defendant Tugie and denial of his right to procedural due process against defendant Dow in connection with the November 2018 Administrative Segregation hearing; deliberate indifference to safety against defendants Rodriguez, Tugie, Davis, Robles, Jackson, Lizon, and Semple for confining him in solitary confinement in Administrative Segregation while a pretrial detainee, *i.e.*, before January 20, 2019; and retaliation against defendant Purdy for calling plaintiff a snitch in September 2018 and against defendant Rodriguez for recommending Administrative Segregation placement because plaintiff filed numerous grievances. Doc. #12.

**Motion to Compel (Doc. #85)**

On December 10, 2019, plaintiff served a discovery request seeking production of 28 categories of documents. Doc. #85 at 5-10. The defendants objected to all requests as overbroad and not properly restricted as to time but did provide information in response to some requests that pertained to the remaining claims in this action. *See* Defs.' Mem., Doc. #90 Attachment A. In opposition to the motion to compel, the defendants state that they have provided over 2000 pages of documents in response to the request for production.

The parties have filed reply and surreply briefs addressing plaintiff's complaints about the discovery provided. The Court considers the ten arguments asserted in plaintiff's reply brief.

**Argument 1**

Plaintiff first contends that the defendants' statement that over 2000 pages

of documents were produced is misleading because the documents contained duplicates of many documents. Doc. #92 ¶ 1. In response, the defendants state that the documents produced include medical records, disciplinary and incident reports, grievances, and institutional rules and directives. They acknowledge that there may have been some duplication as, for example, when the plaintiff submitted duplicate grievances both copies would have been produced. The Court also is aware that an incident or disciplinary report would have been produced in response to a request for all such documents and may also be included as documentation in support of a classification decision.

As an initial matter, the Federal Rules of Civil Procedure do not state production of a specified number of documents or pages is satisfactory. The question is whether the production satisfies the specific request for relevant non-privileged information. The Court finds the duplication of documents unavoidable in the context of plaintiff's extensive discovery requests and finds no evidence of intent to deceive plaintiff or the Court. Finally, Plaintiff failed to show that Defendants failed to produce discovery he requested and to which he was entitled.

Argument 2

Plaintiff objects to the defendants' characterization of his requests as overbroad and not limited as to time. He states that, in phone conversations, he agreed that some requests could be limited to the times and claims set forth in the Initial Review Order. However, he states that he requires other information beyond the scope of claims in the Initial Review Order to prove his case. Doc. #92 ¶ 2. The defendants deny any agreement to provide discovery unrelated to the remaining

claims in this case.

Plaintiff states that he required broader information to discover additional defendants. Although plaintiff included several John or Jane Doe defendants in the list of defendants in the body of his Amended Complaint, he does not refer to any Doe defendants in his factual statements.  Rather, plaintiff clearly identifies all persons involved in each of his claims.  Thus, Plaintiff has not shown any need for discovery of conduct beyond the scope of his complaint to identify additional defendants.

It appears that plaintiff seeks this information to determine whether he can pursue other claims.  Discovery in one case is not intended to research other claims that might be asserted in new lawsuits.  See *Kaufman v. All Seasons Marine Works, Inc.*, No. 3:11-cv-1874(VLB), 2012 WL 4928862, at *7 (D. Conn. Oct. 16, 2012) (discovery is intended to allow parties to obtain evidence to support allegations in complaint, not to conduct a fishing expedition to "piece together a claim") (internal quotation marks and citation omitted), *aff'd*, 554 F. App'x 71 (2d Cir. 2014); *Stoner v. Walsh*, 772 F. Supp. 790, 807 (S.D.N.Y. 1991) ("The purpose of discovery being to explore factual allegations underlying a claim, not to try to 'conjure up a claim that does not exist.'") (citation omitted).

In addition, a lawsuit may be limited to claims arising out of a single nucleus of fact and the court may dismiss any claim or party which does not. Fed. R, Civ. P. 21. A party may also not avoid paying a filing fee by misjoinder: including unrelated claims in a single suit.  If claims or parties are misjoined, the court can dismiss them at any time. *Id.*

As plaintiff does not indicate that any Doe defendants were involved in the remaining claims, he fails to show that the extensive discovery requested is relevant to the existing claims or that there are any additional claims arising out of the same nucleus of fact as the existing claims. Any request for more expansive discovery is denied.

Argument 3

Plaintiff argues that he requires grievance logs from all facilities in which he has been incarcerated because he filed grievances relating to the issues in this case while confined in other correctional facilities. Doc. #92 ¶ 3. In response, the defendants explain that any grievance relating to an incident at Northern Correctional Institution ("Northern") would be forwarded to Northern and entered in the Northern grievance log with a received date as the date it was received in the correctional facility in which it was originally filed. As all remaining claims occurred at Northern, any grievances relating to those claims would be reflected in the Northern grievance log which has been produced to plaintiff. Plaintiff's objection is without merit.

Argument 4

Plaintiff argues that some of the documents he received were redacted extensively and rendered useless. He attaches copies of pages that are completely redacted. Doc. #92 ¶ 4. The defendants explain that the redactions are references to another inmate, the first names of correctional staff, personal information of plaintiff, and information not relevant to plaintiff's claims. The defendants state that many of the redactions are from an incident report relating to an altercation

between plaintiff and another inmate. The redacted pages are portions of the report relating to the other inmate such as information regarding his escort and medical treatment following the incident. These facts are not relevant to plaintiff's claims. The defendants state that where information was redacted, plaintiff was provided a log explaining the redactions. They also state that they will provide plaintiff unredacted copies of two pages in the Administrative Segregation hearing report and agree to review other redacted pages and provide unredacted copies if pages contain relevant information. Considering these representations, plaintiff's objection to the redactions is overruled. Defense Counsel is ordered to review the redacted material and certify to the Court the production of all relevant non-privileged material to Plaintiff.

Argument 5

Plaintiff contends that he received no mail logs. He contends that mail logs from all facilities in which he was incarcerated are necessary to prove that he mailed letters to various defendants notifying them of his claims. Doc. #92 ¶ 5. The defendants state that they do not understand the relevance of this information. First, only legal mail is logged. Plaintiff appears to be seeking a log of general outgoing correspondence. Second, even if general correspondence were logged, the log would indicate only that plaintiff sent a letter to a defendant. The log would not reflect the contents of the letter. If plaintiff seeks a mail log to show that he informed a defendant of his claims, he is mistaken. In addition, plaintiff states that he has evidence that he sent the letters. Regardless, the defendants agree to provide plaintiff a copy of his legal mail logs from April 2018 through March 18,

2019, the day he filed this action. Plaintiff's objection to the failure to produce mail logs is overruled.

### Arguments 6 & 7

Plaintiff alleges that the defendants have destroyed video evidence of his claims and will continue to do so unless the Court orders the defendants to produce all requested video recordings. He further contends that he sent a letter to counsel identifying recordings he wanted preserved. Doc. #92 ¶¶ 6-7. The defendants state that plaintiff has viewed the two recordings specifically identified in his letter as well as others.

Plaintiff also lists several dates and shifts of video recordings in the letter. He previously requested that these recordings be preserved. The request was denied because no incident occurred on those dates and the request appeared to seek personal surveillance of a correctional officer. As plaintiff's request was denied, there currently is no video recording that can be produced to which Plaintiff is entitled. Plaintiff's request is denied.

### Argument 8

Plaintiff states that he has submitted many Inmate Requests and Grievances asserting claims of sexual harassment and PREA violations against defendant Purdy and filed copies of the documents. He contends that the defendants' failure to produce these documents prevents him from seeking "a readdress by the Court with facts." Doc. #92 ¶ 8. The defendants object to this request as unrelated to the remaining claims in the case.

The plaintiff has not asserted a claim for sexual harassment or PREA

7

violations. Thus, as stated above, any discovery regarding these claims is not warranted. In addition, even if the documents were relevant to the remaining claims, plaintiff states that he has copies of the requests and grievances and has filed them with the court. Plaintiff is not entitled to that which he already possesses. Plaintiff's request is denied.

Argument 9

Plaintiff states that he seeks the personnel files of all defendants relating to disciplinary history and reprimands "to argue that the Defendant's history shows the clear pattern that the actions in the Plaintiff's claim did in fact occur." Doc. #92 ¶ 9. The defendants object on the grounds that the request is overbroad and not limited in time, would not lead to the discovery of admissible evidence, would constitute an invasion of privacy, and would jeopardize the safe functioning of the correctional facility. Plaintiff merely argues that he requires the information. Federal Rule of Civil Procedure 37(a)(1) requires the parties to confer in good faith to resolve discovery disputes before filing a motion to compel. Plaintiff does not appear to have made any attempt to narrow his request in light of the defendants' objections. Thus, he has not met this requirement,

The Court considered a similar request in *Ruffino v. Faucher*, No. 3:11-cv-297(VLB), 2012 WL 3637636 (D. Conn. Aug. 22, 2012), where the Court explained the need to "balance the plaintiff's interest in disclosure against the state's legitimate concern of protecting the confidentiality of the defendants' personnel records." *Id.* at *1. The Court noted that Connecticut prohibits disclosure of these records to inmates under the state Freedom of Information Act, acknowledging that

the reasoning precluding disclosure also applied to disclosure in discovery. *Id.* (citing Conn. Gen. Stat. § 18-101f). The Court explained that where such disclosures have been ordered, the request was narrowly tailored, and the documents ordered produced were directly related to the issues in the case. *Id.* at *2 (citing *Hallasey v. Avery*, No. 08-CV-86S(F), 2009 WL 231198 (W.D.N.Y. Jan. 29, 2009)); see also *Boudreau v. Smith*, No. 3:17-cv-589(SRU), 2019 WL 3973997, at *9 (D. Conn. Aug. 22, 2019) (denying request for production of personnel file as overbroad, but permitting prisoner to tailor discovery request to seek admission whether there exist any prior complaints or lawsuits alleging fact similar to incident at issue). Plaintiff seeks the complete disciplinary and reprimand history for all defendants. His request is not tailored to seek information only on disciplinary actions like the incidents underlying the remaining claims and, therefore is denied.

Defendants state that, if disciplinary action has been taken against any defendant for conduct related to the underlying claims, this information would have been disclosed to plaintiff. Plaintiff has not identified any basis to refute this claim.

In addition, plaintiff states that he seeks the entire disciplinary histories to show by the defendants' past actions that the actions alleged in the complaint did occur. Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, showing that the defendants had extensive disciplinary histories and were, therefore, "bad people" is inadmissible to show that any defendant committed the alleged actions.

9

Case 3:19-cv-00413-VLB   Document 104   Filed 06/02/20   Page 10 of 12

**Argument 10**

Finally, plaintiff states that defendants' counsel is mistaken when he stated that plaintiff has the names of witnesses and contends that the September 14, 2018 incident is one of many in his claim.

As explained above, discovery is permitted only to support existing claims. Plaintiff has not asserted a claim for a series of incidents. He alleges that he was issued two disciplinary reports between September 14 and 27, 2018. Plaintiff cannot amend his complaint in his reply brief. *See Uddoh v. United Healthcare*, 354 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (plaintiff cannot amend complaint in motion or memorandum to assert new claims) (citing cases).

Federal Rule of Civil Procedure 26 imposed an obligation on the defendants to identify potential witnesses in this case. See Swinton v. Wright, No. 3:16-cv-659)SRU), 2017 WL 754566, at *2 (D. Conn. Feb. 27, 2017) (requiring, under Rule 26, defendant to disclosed correctional officers who witnessed incident). The defendants state that the names of any correctional defendants are identified by last name in the documents produced to date and any inmate witnesses would be referenced in those documents. They noted that plaintiff can utilize the assistance available from Inmates' Legal Aid Program to contact possible inmate witnesses identified or referenced in the documents already produced and counsel has agreed to work with a program attorney if the attorney encounters difficulty identifying any inmate witness. As plaintiff has not utilized this compromise to determine whether any referenced person has relevant information and presents no evidence that other potential witnesses exist, his request is denied without

prejudice.

**Motion for Court Assistance (Doc. #89)**

About two weeks after he filed the motion to compel, plaintiff filed a motion seeking the Court's assistance in identifying defendants and possible witnesses in this case. He stated that the defendants were thwarting his efforts by failing to provide all requested discovery materials. The defendants construed the motion as a request that the court grant the motion to compel. The Court agrees with this characterization. As the motion to compel is denied, this request is denied as well.

**Motion for Court Assistance (Doc. #99)**

Plaintiff states that he has filed many grievances over the last nine months challenging his current confinement at Garner Correctional Institution and seeking mental health treatment. He alleges that correctional staff have interfered with his grievances. Plaintiff asks the Court to order the Department of Correction to make a video recording of his "detailed narrative" about what evidence he wants to submit relating to exhaustion of administrative remedies and what the evidence shows, and to order mental health staff to respond to his grievances. The defendants object to the motion as seeking action from persons who are not defendants and dealing with matters beyond the scope of this case.

This action concerns events at Northern while plaintiff was a pretrial detainee. Thus, all applicable events occurred before plaintiff was sentenced in January 2019. In addition, no mental health staff members are named as defendants. Thus, any claims relating to plaintiff's confinement at Garner Correctional Institution, seeking mental health treatment, or attempting to file

grievances at Garner are not properly asserted in this case. As the motion does not relate to any issue in this case, the motion is denied.

Conclusion

Plaintiff's motion to compel [Doc. #85] is DENIED. The defendants' motion to file a surreply [Doc. #97] is GRANTED. Plaintiff's motions for court assistance [Doc. #89 and #99] are DENIED.

SO ORDERED.

Dated this 2nd day of June 2020 at Hartford, Connecticut.

                                                         /s/
                                      Vanessa L. Bryant
                                      United States District Judge