## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| **JOSSEAN CRISPIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 3:19-cv-413 (VLB)** |
| | : | |
| **ANDREA REISCHERL, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## RULING ON MOTION FOR SANCTIONS

Plaintiff, Jossean Crispin, has filed a motion seeking sanctions against all defendants for spoliation of evidence.  He alleges that he submitted requests under the state Freedom of Information Act that various surveillance recordings be preserved but that the requests were denied.

Spoliation refers to "the destruction or significant alteration of evidence, or the failure to preserve properly for another's use as evidence in pending or reasonably foreseeable litigation."  *Taylor v. City of New York*, 293 F.R.D. 601, 609 (S.D.N.Y. 2013) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).  A party seeking sanctions for spoliation of evidence must show "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim … such that a reasonable trier of fact could find that it would support that claim."  *Id.* (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d

Cir. 2002)).

The Federal Rules of Civil Procedure authorize the district court to impose sanctions against a party for failing to preserve electronically stored information in anticipation of litigation.  Fed. R. Civ. P. 37(e).  Plaintiff's motion concerns preservation of video surveillance footage which would be electronically stored information.  To impose sanctions, the district court must find that the lack of the information caused prejudice to plaintiff and that the defendant "acted with the intent to deprive [plaintiff] of the information's use in the litigation."  Fed. R. Civ. P. 37(e)(1) & (2).

The obligation to preserve evidence falls only on "the party having control over the evidence ... at the time it was destroyed."  *Residential Funding Corp.*, 306 F.3d at 107.  The plaintiff states that all his requests to preserve video recordings were referred to defendant Jackson.  Thus, the Court assumes that he was the party in control of the evidence and, therefore, the only defendant against whom sanctions could be assessed.

Department of Correction Administrative Directive 6.9(10)(B), available at portal.ct.gov/DOC/AD/AD-Chapter-6, governs requests for preservation of video recordings that are not associated with documented incidents.  The directive provides that the request must be received  prior to 14 days from date of the event or incident sought to be preserved and the request must include the date, time, location, description of the video, and explanation for the requested video.  Directive 6.9(10)(B)(1) & (2).

Plaintiff identifies five incidents where requested recordings were not

preserved: (1) a letter and Inmate Request, both dated July 19, 2018, to defendant Lizon seeking preservation of the May 9, 2018 incident and other more recent incidents of unspecified dates with follow-up Freedom of Information Act requests dated July 30, 2018 and September 18, 2018; (2) a December 20, 2018 request to defendant Jackson to preserve the recording of a December 18, 2018 incident; (3) a request to defendant Jackson to preserve a recording of plaintiff speaking to defendant Jackson on January 10, 2019 about video preservation; (4)  Freedom of Information Act request dated October 15, 2018 for video preservation sent to defendant Jackson and Officer Bolduc and resubmitted on October 27, 2018 and November 5, 2018 after the initial request was denied; and (5) a letter dated February 4, 2019 seeking to preserve recordings for use in civil litigation which defendant Jackson denied on March 5. 2019.  The Court considers whether each of these instances meet the Rule 37 requirements for imposition of sanctions.

<u>Incident 1</u>

The defendants concede that when defendant Jackson received plaintiff's request in September 2018, he reported that the tapes recording the May 2018 and July 2018 dates had been re-used.  Defendant Jackson made this statement by merely checking the date of the requested footage to determine availability. Defendant Jackson has submitted an affidavit stating that some footage from the May 2018 incident had been preserved in connection with the Department of Correction investigation of the incident and the defendants represent that plaintiff was provided access to this recording through discovery in this case.  In addition, plaintiff's request was dated July 19, 2018, more than 14 days after the incident.

Thus, the request for any footage beyond that preserved as part of the investigation is untimely.   Any request for sanctions for failing to preserve the May 2018 recording is denied.

The other dates associated with this incident are July 19, 2018, and in the follow-up FOIA request, September 19, 2018.  Plaintiff states that he was verbally harassed, and his cell was "trashed" on July 19, 2018.  He does not state what occurred on September 19, 2018.  Doc. #95 at 28, 30, 33.   The September 19, 2018 footage was preserved in response to the FOIA request.  *Id.* at 34.  The request was received too late to preserve the July 19, 2018 footage.

Plaintiff states that defendant Purdy made a harassing comment and stated he would "trash" plaintiff's cell when he searched it.   The footage plaintiff requested was unit surveillance footage which is video only.   Decl. of Brian Jackson, Doc. # 102-1 ¶ 10.  The footage would not support plaintiff's allegations about what defendant Purdy said.  Nor would it show, as plaintiff alleges, that legal work was missing from plaintiff's call or whether the toilet paper was in the toilet as plaintiff alleges.   Thus, plaintiff has not shown that the lack of the recording would prejudice his prosecution of this case.

Plaintiff submitted his initial request as part of an Inmate Request complaining about defendant Purdy's conduct.  On August 17, 2018, defendant Lizon addressed the conduct issue and informed plaintiff that video preservation requests should be addressed to defendant Jackson.  Doc. #95 at 28-31.  The only request received by defendant Jackson was dated September 18, 2018, a month later, at which time the July footage no longer existed.  *Id.* at 32-34.  Plaintiff has

submitted no evidence suggesting that defendant Jackson denied the request with the intent to deny plaintiff use of the recording in this case.  The request for sanctions is denied.

Incident 2

Plaintiff's second example involves a request to preserve a December 18, 2018 incident.  His attached letter, however, requests video from December 20, 2018. Plaintiff states that he requires the video to show "manipulation of grievance procedures."  There are no claims in this action relating to grievance procedures.  Thus, plaintiff could not be prejudiced in litigating this case.  Any motion for sanctions relating to evidence of such a claim is denied.

Incident 3

Plaintiff's third incident involves a recording of him speaking to defendant Jackson on January 10, 2019 about video preservation.  First, as stated above, the surveillance cameras record video only.  Thus, the subject of the conversation cannot be discerned from the recording.  Second, there is no claim in this case regarding video preservation.  Sanctions are not warranted.

Incident 4

This incident concerns plaintiff's request of recordings of multiple shifts per day from September 14, 2018 through October 16, 2018.  He stated that he wanted a record of any correctional officer who walked by his cell during this time.  Defendant Jackson denied the request, stating that it was unduly  burdensome and constitutes a request for personal surveillance.  Plaintiff attaches to his motion annotated copies of the denial notices stating that September 14-27 footage would

show that defendant Purdy was in the unit at times he should not have been there and that the footage would show the times that defendant Purdy stopped at plaintiff's cell and threatened him.  Doc. #95 at 42, 43.  Plaintiff contends that he communicated this information to defendant Jackson by letter, but defendant Jackson denies receiving any such communication.

The recordings contain no audio component.  At most, they would show that defendant Purdy passes by or stopped at plaintiff's cell.  Thus, the recordings would not support a claim for threats.  The only allegation referencing these dates are that defendant Purdy issued two disciplinary reports between September 14 and 27, 2018, and plaintiff spoke to Lieutenant Lindsay, Lieutenant Roberts, and Captain Robles.  Plaintiff makes no showing in support of his motion for sanctions showing that denial of his request for preservation has prejudiced his ability to prosecute this case.  Nor has he shown that defendant Jackson's stated reasons for denying the requests were pretextual and that he acted with the intent to deprive plaintiff of the recordings for use in this case.  In addition, plaintiff's request is dated October 15, 2018.  Regarding the September dates, the request is untimely under Directive 6.9(10).  The request for sanctions is denied.

<u>Instance 5</u>

The final instance is a February 4, 2019 request for preservation of recordings from January 21, 2019 through January 25, 2019 and January 28, 2019 for use in civil litigation.  Defendant Jackson denied the request as overly burdensome and requesting personal surveillance.  He stated there was no allegation of an incident involving plaintiff on those dates and it was not the

practice of the department of correction to conduct investigations at an inmate's request.   Doc. #95 at 51.

There are no claims in this case alleged to have occurred on those dates and plaintiff fails to indicate how lack of these recordings will prejudice him in litigating this case.  Further, in light of defendant Jackson's stated reasons for denying the request, plaintiff has not shown that defendant Jackson acted with the intent to deprive plaintiff of use of the recordings in litigating this case.  Any motion for sanctions for failing to preserve the recordings is denied.

<u>Conclusion</u>

Plaintiff's motion for sanctions [Doc. #95] is DENIED.

SO ORDERED.

Dated this 5th day of June 2020 at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge

7