United States District Court
District of Connecticut

SCANNED at
Emailed
3-15-21 by MH  30 pages
date        initials    No.

Crispin

V                           Case No. 3:19-cv-00413 (V.L.B.)

Reischerl, et al,

                            Date: 3/15/2021

( Motion for Further Relief and )
( Modification of Judgment's + )
(         Settlement         )

(Note): The Plaintiff is unsure of the proper motion
To remedy the Issues he will be outlining in
this motion and request that the court enter
the proper if necessary as the Plaintiff lacks the
Legal knowledge and Education to know.

( Declaration of Facts )

1) I, Jossean Crispin, declare under the pain of penalty of
perjury that the foregoing in this Declaration is true
and Correct to the best of my knowledge.

2) The Plaintiff entered into a settlement agreement
uncertian of the clear meaning of the term's and
was lead to believe that the purpose of the settlement
was to achieve a proper and adequate Discharge Plan
to help to Plaintiff with necessary Mental Health
treatment needed to deal with the effects of -

Solitary Confinement and to help with the
plaintiff "Severe mental Illness" and the way that
Solitary Confinement has effected the Plaintiff's mental
Illness because the Plaintiff knows from past
experience after being kept in solitary Confinement
for year's It took the plaintiff nearly (5-year's) to function
normally again, because of this experience the Plaintiff knows
the best way to best recover from the ("Psychological torture")
of ("Solitary Confinement") and believed that he will be
able through the settlement agreement to Develope
a proper Dicharge Plan to Slowly Integrate the
Plaintiff back into the Community safely and in the
best way Possible.

3) The Plaintiff has been mislead and taken
advantage of by (Assistant Attorney General: Jacob
McChesney) because of what I stated in (section 2)
of this Declaration but also the ("A.A.G. Jacob McChesney)
failed to notify me that the ("Court had appointed
Counsel) for Plaintiff to help the plaintiff to understand
and represent the plaintiff in the settlement process.

4) The order made by the Court was on (July, 14, 2021)
to (appoint Counsel in a Settlement Conference) for this
to be done the Defendant's Counsel must be made
awear. See: (Exhibit-E)

5) It is safe to say that (A.A.G.-McChesney) was made
awear prior to (July, 14, 2021) as fact.

6) The Plaintiff was called multiple times on (July 14, 2021) and mentally pressured ~~settlement~~ by (A.A.G.-McChesney) Into this settlement unsure of the clear terms of which The Plaintiff verbally told (A.A.G.-McChesney) of being unsure (A.A.G.-McChesney) ~~too~~ verbally Convince the Plaintiff he would be recieving the Proper treatment & Discharge Planning to Remedy the wrong but now almost a year Later nothing has been Remedied.

7) In Fact the Complete opposite has occured soon, after signing the settlement the ("Plaintiff was targeted") and Given a false (Disciplinary Report) and sent to Segregation and then an Atempt made to falsely Place the Plaintiff in a (Solitary Confinement Program) ("again") known as (Chronic Discipline Program), the Plaintiff had the (Placement on Solitary Confinement Deferred) after multiple witnesses came Forward to give ~~out~~ Statement's on the Plaintiff's behalf.

8) During this time (Cheshire, Corr, Inst) Administration and "Staffing Knew" of the (Plaintiffs civil suit) and "the plaintiff's history that Lead to his false Placement on Administrative segregation Placement" as he the Plaintiff has been and Still to this day is Question on the Topic Concerning (Correctional Officer: Purdy) and the Incident's that Lead to his (AS.) Placement and there is a unwritten Custom that an ~~out~~ Attack on one officer is an Attack on "All Officer's".

9) (Cheshire, Corr, Inst) Administration Staffing & Officer's Know how "Solitary Confinement" (effect's the Plaintiff) and "again used it" as a (tool) to "retaliate and punish" the Plaintiff and subject me to "Mental torture knowingly" of which the settlement was done to prevent this Continued abuse of the Plaintiff and his Constitional Right's.

10) A Few week's later after the first Atempt the Plaintiff was targeted again

11) This time the Plaintiff was placed in a cell-with another (Inmate) even though the Plaintiff was on (Single-cell-status) do to his (severe Mental Illness) because it is a known fact it is a safety and security Issue that causes Altercation.

12) This was done to again target the plaintiff and set the plaintiff up to Justify a (Solitary Confinement Placement in Chronic Discipline) not just for filing his Suit but For Retaliation For (Attack a Correctional Officer) and again for Retaliation for fileng (#2-Recent) suits

13) The Plaintiff was close to a Physical fight with his (Cell-Mate) Intentially precipitated by (C.C.I.) Administration Staffing.

14) During the time spent in the cell with this (Inmate) (Correctional Officer's) would approach the Plaintiff on multiple occasion and stated I'm surprise you haven't fought yet or other statement's like I'm surprise your still there.

15) a Few day's after almost getting into a fight with my (cell-mate) he set me up with (Shank/shive).

16) we were both Brought to segregation

17) he was Found Guilty for the (Shank/shive) meaning my cell-mate was Found Guilty.

18) About a Few day's Later I was Found guilty for the same (Disciplinary Report Action) my (cell-mate) was already Found Guilty for under clear and open (Due-Process failure) Intentionally Just like in the claim I Filed ("Crispin V. Reischerl, et.al.) showing clear Retaliation and targetting of Plaintiff

19) Then soon after the Plaintiff was Placed in Solitary Confinement again, even after expressing how it Psychologically exacerbates the plaintiff's (Severe mental Illness/schizophrenia)

20) These action's were taken against the plaintiff because the Plaintiff continuely tried to get The Department of Correctional Staff here at (C.C.I./

Cheshire, Corr, Inst) to Include mental Health
Staffing to Comply With Settlement agreement
of which the openly refuse to comply and have
been Giving the run around for almost a year
now.

2) Most Resently The Plaintiff was threatened
by (Mental Health Discharge Planner: Mike Sussel)
Who was assigned by (A.A.G. ~~Attres~~ McChesney)
even after the plaintiff objected because of the Fact
that (Mental Health Discharg Planner: Mike Sussel)
"refused to Provide" the Plaintiff with an (adequate —
Discharge Plan)

22) On (3/10/2021) I was seen by (Mental Health Discharge
Planner: Mike Sussel) I asked if he was there to
discuss (mental Health Residential treatment) he "Mike Sussel"
Said no that he was there to discuss (Conservatorship)
I expressed what do you mean by this (Mike Sussel)
Said the only Way I am going to get treatment From
(D.M.H.A.S. / the Department of mental Health & Addiction
Services) is if I Sign over my rights to make my own
Decision's and Let Someone else to make them,
I express why do I need to sign my rights over to you
Just to get treatment that is needed he said he Knows
Someone named Jennifer who I could willingly Sign my
rights to Conservator Ship too I said to him why
would I give the Department of Correction Control over
my life when I am ~~a~~ in the middle of multiple —

Civil Litigation's for Physical abuse, medical abuse/ and mental abuse and Denial of treatment or anybody associated with (The Department of Correction's) When I'm doing perfectly well advicating for myself but I see that your Issues and The Department of Correction's Issues **is** the administration is not happy that Pressuring them to Comply with the Settlement and to respect my Civil Right's and the fact I am well and Capable to enforce this is why ~~☜~~ you have been sent to threaten me with taking away my (Patient Right to advicate For myself) At this point (Discharge Planner: Mike Sussel) said that I can do it ~~volunteer~~ Voluntarily over they will take me to Court and take my right's From me.

23) I that same day **filed** an (Immate Request Form to (Warden: Walker) Dated (3/10/2021) addressing this threat made by (mike Sussel)

Ⓑ 24) because it is clear this is being done in retaliation For enforcing my right's because this threat came soon after I filed a (Grievance on Mental Health Doctor) and the (Discharge Planner: Donijan) for refusal to provide a (Discharge Plan / over Develope a Discharge Plan) as the settlement stated one should be Done within (30-Days) of signing the settlement and ~~know~~ None has been Developed over Provided or worked out with the Plaintiff.

25) The Plaintiff tried to address the Issues
Presented in this Declaration before the
(8/4/2021) So the he can reopen The case
and address all matters outlined in this
Declaration. See (Exhibit-A)

26) but was blocked by (Cheshire, Corr, Inst)
Staffing for almost (2-month) even after
the Plaintiff notified the he has a Deadline
to meet before it's to late & was refused for
2-months

27) The Plaintiff Attempted multiple time's
and was Block and Denied his Legal-work
to address the Legal Issue in this Declaration.
See Exhibit-B, C, and D   Inmate Request form of
Atempts.

28) The Plaintiff is now addressing it because
he was Given Legal advice on how to Proceed
with Retifying this wrong by another
Prisoner because prior to this motion the
Plaintiff didn't Know how to rectify this
matter until recently

Jossean Crispin
Cheshire, Corr, Inst,
900 Highland Ave
Cheshire, CT. 06410

Declaration

Brief In support of
Plaintiff's motion For Further Relief and
modification of Judgment/Settlement

(Statement of Case)
The Plaintiff filed a (1983 Civil suit) For (use of
Excessive Force) against (defendant: Purdy) and
Supervisory liability against (Defendant: Lizon) and
(Defendant: Rodriguez) for failure to Intervene.
(Due Process Failure)
During Administrative Segregation Hearing by
(Defendant: Tugie) and (Defendant: Dow) under "Procedural
due Process Failure".
(False Accusation)
(Defendant: Purdy) "Issued two false Disciplinar Reports"
under "False accusation due process failure".
(Deliberate Indifference to Safety)
For do to Solitary Confinement exacerbated the
his mental Health Illness Causing mental Breakdowns
and Suicidal Ideation against (Defendant's: Tugie,
Rodriguez, Davis, Bobles, Jackson, Lizon, Semple).
(Retaliation)
For Filing Compliant against (Defendant's: Purdy,
and Rodriguez).

All these Constitutional voilation were granted to
Proceed to Civil Litigation, under said Claim's outlined
herein this Statement of Case.

they must observe the safeguards of due process.
Sandin V. Conner, 512 U.S. 472, 115 S. Ct. 2293 (1995).
The Second Circuit has recognized the existence of a Liberty
Interest entitled to due process When an Inmate is Confined in
Segregation for more than 305 days. Colon V. Howard, 215 F.3d
227, 231-32 (2nd Cir. 2000) See: Colon V. Howard, supra;
Palmer V. Richards, Supra; cf. Wolf v. McDonnell, 418 U.S.
539, 556-59, 94 S.Ct. 2963 (1974).

**A.** The Refusal to call the Plaintiff's Witnesses Denied
Due Process.
    This Was Done During the Plaintiff's Disciplinary
Hearing That Later was used to Place the plaintiff in
(Solitary Confinement Program Chronic Discipline)

**B.** The Failure to Provide a meaningful
explanation of the finding of Guilty Denied due Process.
This was done when my cell-mate was Found guilty for the
(Shive/Shank) Found in a Common area and not
in the Plaintiff's Person or property but then after
Finding my cell-mate Guilty the Plaintiff was targeted
and found Guilty the exact Same Incident as his
cell-mate a few days later. And the reason Given for
the Find was because the Plaintiff didn't Voluntarily
Plead Guilty they were Choosing to find the Plaintiff
Guilty with no proof or evidence of Guilty.

(Statement of Facts)

As set forth in the accompanying declaration of the Plaintiff, Jossean Crispin ~~was~~ entered into a settlement agreement under ~~was~~ the belief that the original Constitutional Violations would be remedied and stop Instead the Complete opposite has occured the Constitutional violations have not stopped and have only Intesified against the Plaintiff Denying any relief the Same ~~was~~ exact Constitutional violations that Brought this original claim forth Continue and Remedy as believed by the Plaintiff occured as the Plaintiff outlined in his accompanying Declaration the Department of Correction's Continue their Systemic attack and abuse and torment against the Plaintiff again Retaliating against the Plaintiff in the same way the plaintiff outlined in his original Claim ~~by~~ being Intentionally Placed in (Solitary Confinement Program Chronic Discipline) Soon after the alleged settlement ment to remedy these Constitutional violation's of "Due Process failure," "False Accusation," "Deliberate Indifference to Safety," and "Retaliation" these Same Constitutional violation Continue to Repeat themselve.

(ARGUMENT)
Point - One

Prison official's Continue to Subject the Plaintiff to "Atypical and Significant hardship". . . In Retaliation to the ordinary Incident's of prison life" —



"Rule 60, Fed. R. Civ. P.," permits a final Judgment or order to be Corrected or vacated under certain Circumstances. ~~The~~ The rule provides that clerical errors in Judgments, Order, or other parts of the record, and ("errors arising from oversight or Omissions"), may be Corrected at any time.

Rule 60(b)(3), Fed. R. Civ. P. See: General Universal Systems, Inc. V. Lee, 379 F.3d 131, 156 (5th Cir. 2004) ("This subsection of the Rule is aimed at Judgments Which were unfairly obtained, not at those which are factually Incorrect.

(1.) As the Plaintiff outlined the Plaintiff suffers from ("Schizophrenia") this is Deemed by the ("American's with Disabilities Act") as a ("Severe Mental Health Illness") this mental Illness is "extremely unpredictable" and "effects the Brain Causing" "Delusions" and "Audio-Visual hallucinations" this is an ("Un-Curable") ("Severe Mental Health Illness) that can only be managed and "Can effect the Plaintiff at random". Because of this the Plaintiff has spent his Whole Incarceration in a "Tormented struggle of Psychosis" of which the Department of Correction is unable to adequately treat and Placed the Plaintiff in a Clear Disadvantage During his Litigation's ~~During this~~ ~~because~~ because of this the Plaintiff Should have had Counsel Appointed to him not Denied

(2.) The Plaintiff believes if he recalls correctly that he Attempted to have Counsel Appointed to him (2) to (3) Time's During Litigation. See: Hamilton v. Leavy, 117 F. 3d 742, 749 (3ʳᵈ Cir. 1997) (Counsel Should be appointed For prisoner With assault Claim Whose medical records Showed he had a paranoid delusional disorder)

(3.) The Plaintiff Was appointed Counsel but never Notified by the Defendant's Counsel Who pressured the plaintiff into a Settlement that did not Remedy the wrong in Constitutional Violation's or Deter the Department of Correction from future Constitutional Violation's

(4.) Since then the Plaintiff has been Repeatedly Targeted in the exact same way that made the Foundation of this claim by (False Disciplinary Reports), (False accusation's), (Due Process Failure), (Retaliation), (False Solitary Confinement Placement in Retaliation) these exact U.S. Constitutional Violation's are Why the Plaintiff filed Suit

Jossean Crispin
Cheshire, Corr, Inst,
900 Highland Ave
Cheshire, C.T. 06410



(Relief Seeked by the Plaintiff)

1.) The Plaintiff ~~would~~ would to modify the Settlement as it has Done nothing to Remedy the Constitutional Violation's that Brought the suit forth and Continue to Occur Repeatedly still.

2.) The settlement is too Broad as well and has Provided an ("Escape Clause") to the Department of Correction to aviod liability When they Choose to not Comply with the settlement.

3.) The Plaintiff ~~os~~ request that the court allow and Grant the Plaintiff (Pro-bono Counsel) solely for the purpose of representing the Plaintiff in the Settlement Process so that the Plaintiff is not taken advantage of again.

Note: See Exhibit's (A) through (F) in support of (motion for Further Relief and modification of Judgment fr settlement)

$$\left( Exhibit - A \right)$$

Consist of Electronic filing notice
Document ~~sheet~~ Number "(112)

**Testa,** ▮▮▮▮▮▮▮▮▮▮

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Tuesday, July 14, 2020 3:38 PM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Activity in Case 3:19-cv-00413-VLB Crispin v. Reischerl et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Connecticut**

**Notice of Electronic Filing**

The following transaction was entered on 7/14/2020 at 3:37 PM EDT and filed on 7/14/2020
**Case Name:**    Crispin v. Reischerl et al
**Case Number:**    3:19-cv-00413-VLB
**Filer:**
**Document Number:** 112(No document attached)

*Recieved on 7/15/2020*

**Docket Text:**
**ORDER DISMISSING CASE as settled. Counsel for the Defendants has reported that this case has settled. Rather than continue to keep the case open on the docket, the Clerk is directed to terminate this file without prejudice to reopening on or before 08/04/2020. If the parties wish to file a stipulation of dismissal for approval by the Court or simply for inclusion in the Court's file, they may do so on or before 08/04/2020. The date set forth in this order may be extended for good cause in accordance with Local Rule 7(b). Signed by Judge Vanessa L. Bryant on 07/14/2020. (Diamond, Matthew)**

**3:19-cv-00413-VLB Notice has been electronically mailed to:**

Jacob McChesney    jacob.mcchesney@ct.gov, jenny.vidaurre@ct.gov

**3:19-cv-00413-VLB Notice has been delivered by other means to:**

Jossean Crispin
#339978
CHESHIRE CORRECTIONAL INSTITUTION

1

Exhibit—B

Consist of Inmate Request
Form Dated (7/22/2020)

With written Responsed From
C.T.O Torres

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Inmate name: Jossean Crispin

Inmate number: 339978

Facility/Unit: Cheshire, Corr, Inst,   Housing unit: Cell-8 /Seg   Date: 7/22/2020

Submitted to: C.T.O. Torres

Request: I need this addressed as soon as possible Please my ("LegalWork, Evidence, LegalBook's) are "missing" and as you are awear I was given the chance to go through Legal property today (7/22/2020) where this was then Discovered here is the List of missing Item's: (All my Grievance Receipt's) (All my Certified mail Receipt's) (All my Legal Book's), (Legal Document Like statement's), (Police Report by State police) (a Complete Civilsuit with Discovery) (Evidence in civilsuit's) (writing Padd's Isdated to each of my civilsuit's with Legal Documention). I need All these thing Found Please verry Important's (I Need a writtin Response)

*continue on back if necessary*

Previous action taken: my 4th Adempt

*continue on back if necessary*

Acted on by (print name):

Title:

Action taken and/or response: Your request was forward to Property. As this is all Property Issues

*continue on back if necessary*

Staff signature: Torres

Date:

( Exhibit-C )

Consist of an Inmate Request
Form  Dated (7/3/2020).

Written Response dated (8/4/2020)

by  Captian: James Watson

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Inmate name: Jossean Crispin

Inmate number: 339978

Facility/Unit: Cheshire, Corr, Inst.

Housing unit: Cell-8 / Seg

Date: 7/31/2020

Submitted to: Capt. Watson

**Request:** I have #3 open ~~sid~~ Civilsuit #2 Instate and #1 out of State Sir and Please understand that wether I am in Segregation or not I have the Right to my 1st 5th and 14th Amendment that allow's me my Legal Work and Legal Book's and any Document's thereof to litigate and file any Civilsuit even if in ~~segregation~~

And my 4th case is settled/Dismissed but I have (30-Day's to add Stipulation to this Settlement/Dismissal which end's on (8/4/2020) and to write this out take's

continue on back if necessary

**Previous action taken:** a lot of time that I'm losing very Fast, by not being Given my what I've Requested Please Aid me in the matter.

( I've been asking for my Legal Book's Since coming here )

continue on back if necessary

Acted on by (print name): _WATSON_

Title: C. it

Action taken and/or response:

_[signature]_

continue on back if necessary

Staff signature: _[signature]_

Date: _[handwritten]_

(Exhibit - D)

Consist of Inmate Request
Form Dated (9/1/2020)

Written Response Dated (9/14/2020)
by C.T.O. Torres

CTO made
Legal Work

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

| Inmate name: Jossean Crispin | Inmate number: 339978 |
|---|---|

| Facility/Unit: Cheshire | Housing unit: East Block-1 Cell-21 | Date: 9/1/2020 |
|---|---|---|

Submitted to: Captian : Watson

Request: I have addressed the "property officer" "C.T.O." and all have Referred me to you concerning getting my Legal Property. So I am asking you just like last time, For (all) my Legal Work, Legal Book's, Legal Documents too Because I have (two lawsuit's) in Court and I am Involved in 3-three Class action lawscits and "Need" (all) my Legal Work to be able to Litigate my case's. What I am asking for for are Protected by Right's Under the U.S. Constitution Known as the (1st, 4th, 5th, and 14th Amendment's) therefore I ask for all my "(Legal Property/Legal Work/Legal writeup's/Legal Documents/Legal Book's/and any and all Items that will assist me in my Legal Proceeding and research in my property.) If you refuse to provide all my (Legal property) then make my Legal property accessable to me in a timely Fashion UP OR written Request So that I can meet the Courts need During proceedings and also File any suit I may if necessary.

*continue on back if necessary*

Previous action taken: my last time in Segregation these right's were abused and maniputively Denied Please do not make this mistake twice.

Thank you

(This is a time Sensetive matter Please address before) (15-Day)

*continue on back if necessary*

| Acted on by (print name): | Title: |
|---|---|

Action taken and/or response: 9/14/2020 CTO Torres made an attempt to retrieve your property. However on this date there was no property officer on Post. This request will be forward to 2nd shift property Officer So this request can be addressed.

*continue on back if necessary*

| Staff signature: Torres | Date: |
|---|---|



Consist of Electronic filing
(Document number 111)

   Showing this was filed before
the Dismissal of case

**Testa,** ▇▇▇▇▇▇▇▇▇

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Tuesday, July 14, 2020 3:14 PM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Activity in Case 3:19-cv-00413-VLB Crispin v. Reischerl et al Order on Motion to Appoint Counsel |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of
all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not
apply.

**U.S. District Court**

**District of Connecticut**

*Received
on 7/15/2020* (handwritten)

## Notice of Electronic Filing

The following transaction was entered on 7/14/2020 at 3:13 PM EDT and filed on 7/14/2020
| | |
|---|---|
| **Case Name:** | Crispin v. Reischerl et al |
| **Case Number:** | 3:19-cv-00413-VLB |
| **Filer:** | |
| **Document Number:** | 111(No document attached) |

**Docket Text:**
ORDER granting in part and denying in part [86] Plaintiff's Motion to Appoint Counsel. Plaintiff
continues to receive some legal assistance from ILAP, as evidenced by exhibits submitted
with his motion for reconsideration. Moreover, Plaintiff has not established that his claim is
likely to be of substance and that the factors addressed in the Court's earlier rulings denying
his motions for appointment of counsel have changed. *See Hodge v. Police Officers*, 802 F.2d
58, 60 (2d Cir. 1986). However, the Court will appoint *pro bono* counsel solely for the purpose
of representing(Plaintiff at a settlement conference.) The appointment of counsel shall extend
no further than this limited assignment. See Local Rule 83.10(c)(3)("A limited-purpose
appointment will be limited to the purpose identified in the order of appointment and will not
extend to any other part of the litigation process."). The Clerk is directed to assign *pro bono*
counsel for this limited purpose pursuant to Local Rule 83.10(d). Signed by Judge Vanessa L.
Bryant on 07/14/2020. (Diamond, Matthew)

**3:19-cv-00413-VLB Notice has been electronically mailed to:**

Jacob McChesney    jacob.mcchesney@ct.gov, jenny.vidaurre@ct.gov

**3:19-cv-00413-VLB Notice has been delivered by other means to:**

1

(Exhibit - F)

Consist of a (5- Page) settlement
agreement which is in Question
Dated (July/14/2020)

*I am challenging this settlement as Viod*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CRISPIN                                       :        3:19-CV-00413 (VLB)

                                              :

v.                                            :

                                              :

REISCHERL, ET AL.                             :        JULY 14, 2020

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

The Plaintiff, Jossean Crispin (inmate #339978), and the State of Connecticut, hereby agree as follows:

1.  The Plaintiff will stipulate to dismissal of this matter with prejudice, and without an award of costs or fees to either party, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

2.  Within thirty (30) days of the completed execution of all necessary forms, including this General Release and Settlement Agreement, a W-9 (to be completed by Plaintiff), and dismissal forms for the above-captioned case, the State of Connecticut will pay to Jossean Crispin the total sum of one thousand dollars and zero cents ($1,000.00) in full and final settlement of this and any and all other matters between the Plaintiff and Nick Rodriguez, Craig Purdy, Elizabeth Tugie, Carlene Davis, Keith Lizon, Gregorio Robles, Brian Jackson, Scott Semple, and Shannon Dow, in both their individual and official capacities (hereinafter referred to as the "Represented Defendants").

3.  Prior to the Plaintiff's release from incarceration related to his current period of incarceration, the State of Connecticut also agrees to the following:

    a) Within thirty (30) days of the full execution of this agreement, the Department of Correction will assign a health services discharge planner to work with the Plaintiff for

the purpose of developing a discharge plan, and the assigned discharge planner will begin the discharge planning process for the plaintiff.

b) Within thirty (30) days of the full execution of this agreement, the Department of Correction will add the Plaintiff's name to the Multi-Agency Re-entry Advisory Group (MARAG) list.

c) As pertains to conditions 3(a) and 3(b), the Department of Correction can make no guarantee regarding the Plaintiff's exact discharge plan or the availability of resources for such plan. As such planning requires coordination with other agencies, the Department of Correction has no control whatsoever regarding how such other agencies use their resources.

4. By executing this General Release and Settlement Agreement, the Plaintiff hereby agrees to release and forever discharge the Represented Defendants, and their heirs, successors, and assignees, from all actions, causes of action, suits, claims, controversies, damages, and demands of every nature and kind, including costs, attorneys' fees, and monetary and equitable relief, which the Plaintiff and his heirs, successors, and assignees ever had, now have, or hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world until and including the date Plaintiff signs this General Release and Settlement Agreement, including but not limited to acts arising out of, or in any way related to the incidents or circumstances which formed the basis for the above-captioned lawsuit, including but not limited to such actions as may have been or in the future may be brought in the federal courts, the courts of the State of Connecticut, the courts of any other state or jurisdiction, any state or federal administrative agency, or before the Connecticut Office of the Claims Commissioner pursuant to Connecticut General Statute § 4-141 *et seq.*

2

This General Release and Settlement Agreement as to the Represented Defendants includes, but is not limited to, all causes of action alleging violations of the Plaintiff's state and federal constitutional rights, his rights arising under the statutes and laws of the United States, under the statutes and laws of the State of Connecticut, under the statutes and laws of any other state or jurisdiction, and causes of action available under the common law.

5. The parties expressly state that nothing in this Agreement shall be construed as an admission of wrongdoing of any kind by any Defendant, the State of Connecticut, its employees, officers, officials, agents, or representatives. Rather, this General Release and Settlement Agreement represents a compromise of disputed issues of fact and law.

6. This General Release and Settlement Agreement may be executed in counterparts, each of which shall be deemed an original. This Agreement shall be binding upon the parties and their respective heirs, successors, and assigns.

7. The language used in this General Release and Settlement Agreement will be deemed to be the language chosen by the parties to express their mutual intent and no rule of construction will be applied against any party. The term "including" as used in this Agreement is used to list items by way of example and shall not be deemed to constitute a limitation of any term or provision contained herein. This General Release and Settlement Agreement shall be deemed to have been made in the State of Connecticut, and shall be construed and enforced in accordance with, and the validity and performance hereof shall be governed by, the laws of the State of Connecticut, without reference to principles of conflict of laws thereof. This General Release and Settlement Agreement shall not be construed more strictly against one party than against the other by virtue of the fact that the General Release and Settlement Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all

3

parties to this General Release and Settlement Agreement have contributed substantially and materially to its preparation.

8. Nothing in this General Release and Settlement Agreement shall be construed as waiver of the State of Connecticut's immunities, including residual and sovereign immunities under the Eleventh Amendment and Connecticut common law.

9. The State of Connecticut will not seek to recover costs of incarceration under General Statute § 18-85a from the one thousand dollars ($1,000.00) in proceeds paid under this Settlement Agreement. However, this agreement is limited to the State of Connecticut forgoing its right to collect costs of incarceration under General Statute § 18-85a from the specific funds paid as a result of this Settlement Agreement. Nothing in this agreement shall be construed as the State of Connecticut waiving Jossean Crispin's debts. Nothing in this agreement shall be construed as the State of Connecticut waiving its rights to collect debts owed by Plaintiff from funds or assets other than the one thousand dollars ($1,000.00) in settlement proceeds.

10. If any portion of this General Release and Settlement Agreement is held invalid or inoperative, the other portions shall be deemed valid and operative, and so far as reasonable and possible, effect shall be given to the intent manifested by the portion held invalid or inoperative.

11. This General Release and Settlement Agreement is the full and complete agreement of the parties and supersedes and replaces any prior agreements, whether oral or written. Any amendments or modifications of this General Release and Settlement Agreement, including to this sentence, must be in writing and executed by all parties, or by the Plaintiff and the State of Connecticut, to be effective.

12. All signatories below hereby represent and confirm that they have the legal authority to enter into this General Release and Settlement Agreement.

4

**IN WITNESS WHEREOF**, the parties hereto to have executed this General Release and

Settlement Agreement effective July 14, 2020.

PLAINTIFF
Jossean Crispin

Crispin
Jossean          July 14, 2020
Jossean Crispin
Inmate # 339978
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

STATE OF CONNECTICUT

WILLIAM TONG
ATTORNEY GENERAL

July 14, 2020
Jacob McChesney
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591

All matters in this
settlement is partianing to
The Defendant's in this suit
and only the Defendants in
this suit Concerning the
Release of All Claim's,
But allow the Plaintiff to
file suit on matters Prior and
after that Do not Involve any of
the Defendants in this settlement
Release as Discussed with Assistant
Attorney General: Jacob McChesney
I The Plaintiff am signning with this
Understanding and
         Signed: Jossean Crispin