UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSSEAN CRISPIN,<br>    Plaintiff, | : | |
| v. | : | No. 3:19-cv-413 (VLB) |
| ANDREA REISCHERL, et al.,<br>    Defendants. | : | |

**RULING ON MOTIONS TO MODIFY SETTLEMENT JUDGMENT AND REOPEN CASE**

    Plaintiff, Jossean Crispin, filed a motion to modify the out-of-court settlement of this case.  Two days later, he filed a motion to reopen this case.  For the following reasons, both motions are denied.

    On July 14, 2020, counsel for the defendants reported to the Court that the case had settled.  In response, the Court ordered the case dismissed without prejudice to reopening on or before August 4, 2020.  Doc. #112.  The following day, counsel filed a Stipulation of Dismissal signed by both parties stating that they had agreed that the case could be dismissed with prejudice.  Doc. #113.  In accordance with the stipulation, the Court entered an order converting the dismissal without prejudice to a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Doc. #14.

    Plaintiff now has filed a motion stating that counsel convinced him to settle the case even though he was unsure of the precise terms of the agreement and the defendants have not performed in accordance with his understanding of

those terms. He also seeks to reopen this case for the defendants' failure to comply with his understanding of the settlement agreement.

The settlement agreement is a contractual arrangement between the parties that included dismissal of this action. "[A] district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). There are no federal statutes that provide federal court jurisdiction over the contractual dispute identified by plaintiff. *See Kokkonen v. Guardian Life ins. Co.*, 511 U.S. 375, 381 (1994). The only time a federal court has jurisdiction over a contractual dispute of this type is when the court specifically retains jurisdiction over the settlement agreement or when the settlement agreement is incorporated into the order dismissing the case. *Id.* The Court noted that, even in cases where the dismissal is pursuant to Rule 41(a)(1)(a)(ii), "we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract if the parties agree." *Id.* at 381-82. As that had not occurred, the Supreme Court declined to use Rule 60(b)(6) to reopen the case and enforce the settlement agreement, stating that enforcement of the settlement agreement must be pursued in state court. *Id.* at 382.

Neither condition that would indicate that this Court retained jurisdiction over the settlement agreement is met here. The settlement agreement was not filed with the court and the copy plaintiff attaches to his motion does not state that the court retained jurisdiction to resolve issues of compliance with the

agreement. Nor did the Court indicate it retained jurisdiction in the order of dismissal. Thus, the Court lacks jurisdiction to entertain plaintiff's motion to enforce the settlement agreement. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305-06 (2d Cir. 2014) (vacating district court order enforcing settlement agreement because district court lacked jurisdiction over motion to enforce agreement). Plaintiff's motion to enforce the settlement agreement is denied.

Plaintiff also seeks to reopen this case pursuant to Federal Rule of Civil Procedure 6(b)(3). A court may reopen a case after final judgment has entered based on "fraud ..., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, plaintiff "must show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with [plaintiff's] ability to fully and fairly present [his] case." *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013). Most frequently, a Rule 60(b)(3) motion is used "where material information was withheld or incorrect, or a party intentionally produced perjured evidence." *Marsalis v. Reed*, No. 14 CV 5080(SLT)(CLP), 2017 WL 3822081, at *2 (E.D.N.Y. June 14, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3726035 (E.D.N.Y. Aug. 28, 2017).

Plaintiff argues that defendants' counsel had an obligation to tell him that the Court granted his request for appointment of counsel for settlement only but did not do so. A review of the Notices of Electronic Filing for the entries at issue show that the order granting plaintiff counsel for settlement was entered on July

14, 2020 at 3:13 p.m., and was electronically mailed to the parties at that time, and the order dismissing the case without prejudice in response to the reported settlement was entered 24 minutes later at 3:37 p.m. Plaintiff alleges that the settlement was achieved through multiple conversations on July 14, 2020. Doc. #116 at 4, ¶ 8. The parties negotiated, reached an agreement, signed the settlement agreement, and counsel reported the settlement to the Court. It is impossible for all that to have occurred in the 24 minutes between the earliest time counsel could have known about the order granting appointment of counsel for settlement and the entry of the order dismissing the case. Indeed, counsel had to have reported the settlement some time before the order of dismissal entered. Thus, the court record does not support plaintiff's argument that counsel knew of the order during the settlement negotiations and concealed the information from plaintiff.

In addition, plaintiff noted on the copies of the Notices of Electronic Filing he submits with his motion that he received both notices on July 15, 2020. Doc. #116 at 23, 31. If, as he now argues, plaintiff thought that an attorney could have better protected his interests, he had until August 4, 2020 to move to reopen the case and have a settlement conference with the assistance of counsel. He did not do so. Plaintiff argues that he was unable to move to reopen before August 4, 2020 because he was denied his legal materials while in segregation. Plaintiff did not need legal materials to submit a motion to reopen the case because he wanted to pursue settlement with assistance of appointed counsel.

Plaintiff has not presented clear and convincing evidence to showing

misconduct by counsel.  Nor has he shown that the lack of this information prevented him from fully and fairly engaging in settlement negotiations.  He alleges that he was not sure whether to accept the settlement, not that he was unable to make his demands known.  Plaintiff's motion to reopen under Rule 60(b)(3) is denied.

Nor can plaintiff utilize the catch-all provision, Rule 60(b)(6) to support a request to reopen the case to enforce the settlement agreement.  In *Kokkonen*, the Supreme Court declined to use Rule 60(b)(6) to reopen an action dismissed pursuant to Rule 41(a)(1)(A)(ii) to enforce a settlement agreement.  The Court noted that the plaintiff did not merely seek to reopen the case because the settlement agreement was allegedly breached, but to enforce the settlement agreement.  *See* 511 U.S. at 378.  The Court explained, as noted above, that enforcement of the settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.*  This is the same relief plaintiff seeks.  Thus, Rule 60(b)(6) does not provide a basis to reopen this case.

Plaintiff's motions seeking enforcement and modification of the settlement agreement [Doc. #115] and to reopen this case [Doc. #116] are DENIED.

SO ORDERED.

Dated this 19th day of March 2021 at Hartford, Connecticut.

>	/s/
>	Vanessa L. Bryant
>	United States District Judge